**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF TEXAS**

iCHOOSR, LLC

      Plaintiff,

  v.                                                         Case No. 1:22-cv-00298

TOP WORLDWIDE, LLC,

      Defendant.

**PLAINTIFF'S ORIGINAL COMPLAINT**

**PARTIES**

1. Plaintiff, iChoosr, LLC ("iChoosr") is a Delaware limited liability company with its principal place of business at 251 Little Falls Drive, Wilmington, Delaware 19808.  At all times relevant, iChoosr has been authorized to do business in the state of Texas and is so engaged.

2. Defendant, Top Worldwide, LLC ("Top Worldwide"), is a Texas limited liability company which at all times relevant, has been authorized to do business in the state of Texas and is so engaged.  Top Worldwide's principal place of business is located at 901 South Mopac Expressway, Barton Oaks Plaza, Building 3, Suite 410, Austin, Texas 78746.  It may be served through its Registered Agent, Rudy R. Colmenero at 901 South Mopac Expressway, Barton Oaks Plaza, Building 3, Suite 410, Austin, Texas 78746, Travis County, Texas or wherever he may be found.

**JURISDICTION**

3. This dispute is between two diverse business entities, a Delaware limited liability company and a Texas limited liability company.  In light of the foregoing and because the amount in

controversy exceeds $75,000, exclusive of interest and costs, as set forth in greater detail below, this court has original jurisdiction over this dispute pursuant to 28 U.S. Code § 1332.

## FACTS

4. This lawsuit arises out of a breach of a written agreement for services which were to have been rendered by Defendant in exchange for payment by Plaintiff.

5. By way of background, at all times relevant, Defendant TOP Worldwide held itself out as an expert in its field of public relations, advertising and marketing, capable of providing "world-class digital marketing" services. In reliance upon this and other statements by Defendant, Plaintiff agreed to engage Defendant's services. More specifically, on or around June 21, 2021, iChoosr and TOP Worldwide and entered into an Agency Services Agreement (the "Agreement"), under which TOP was required to provide public relations, advertising, and influencer marketing services to iChoosr on behalf of its Texas Power Switch brand in exchange for payment by iChoosr to TOP in the amount of $200,000.00. The specific services to be rendered were listed in a written statement of work which was attached to the Agreement as Exhibit A-1, and which was also referred to as a Statement of Work ("SOW").

6. Although iChoosr made all payments required of it under the Agreement, TOP Worldwide failed to perform its obligations in accordance with the terms of the Agreement.

7. Plaintiff would show that at all times relevant, the services provided by Top Worldwide were woefully incomplete, deficient and far from "top notch." Additionally, despite branding itself on its website as a "rapid strike agency," TOP Worldwide's performance was untimely and significantly delayed.

8. Shortly after iChoosr began working with TOP Worldwide, it became apparent that TOP Worldwide had become uncommunicative and that unless iChoosr employees made continuous requests for specific information and updates on progress made to date, TOP Worldwide provided virtually no progress reports.  This led to iChoosr instituting daily meetings in order to maximize the likelihood that progress would be made in a timely manner.  Although initially, this attempt correct Top Worldwides's noncompliance appeared promising at first, during the most critical time for the project, TOP Worldwide abruptly discontinued the daily meetings in the crucial last week of the campaign. Despite multiple efforts from iChoosr to reconnect and resume the communications, cooperation and the campaign, TOP was unresponsive.

9. The below points, while not exhaustive, illustrate the campaign issues:

- the Facebook campaign started 2 weeks later than scheduled (first creatives were very poor quality);
- the PR around the national holiday created almost no traffic
- PR between the National Holiday and the Auction date resulted in a fraction of the traffic that was forecast;
- only five (5) articles were shared with TOPS's journalist network while ten (10) were contractually agreed;
- the forecast was only updated once after multiple requests;
- there was no up to date overview of budget spent the entire campaign apart from a few verbal indications, which left our client in the blind. Commitment from TOP to provide up-to-date budgetary overview was not fulfilled despite multiple requests to do so;

- only three (3) influencers posted content, while ten (10) were required by the Agreement; and

- there was talk of a new comms plan to be introduced five (5) days prior to the Auction to save the day, of which we never received the details.

Moreover, because of TOP very poor overall performance, iChoosr has been forced to invest much more time and resources than could be reasonably expected into the campaign to try to achieve an as good as possible result.  Overall, iChoosr received virtually no benefit from TOP Worldwide, as TOP either failed to provide the content or services required of it in the Agreement or the limited services and content that were provided were of very little value, and certainly far less than fair value for the $200,000.00 sum paid by Plaintiff.

10. Repeated attempts by iChoosr's management to reconcile these issues with TOP Worldwide proved an exercise in futility, because Mr. Kaplan, Top Worldwide's key executive involved in the project, ceased responding to any inquiries and ultimately, refused to provide any reasonable solution, including when Plaintiff made a final request in November 2021, and prior to inception of this litigation.  Defendant's response of almost two (2) months later essentially denied any wrongdoing and maintained the same response as it had earlier-offering Plaintiff a small credit against billings for future work, when no such work is planned-and Defendant has already shown itself incapable of performing its contractual duties in the first place, thus necessitating the filing of this lawsuit.

**CONDITIONS PRECEDENT**

11. All conditions precedent to Plaintiff's recovery of all amounts sought by this lawsuit have occurred or have been performed, including specifically that Plaintiff has timely placed Defendant on written notice of its claim to statutory attorney's fees before filing this lawsuit.

4

## BREACH OF CONTRACT

12. Plaintiff incorporates the contents of the preceding paragraphs, inclusive as if set forth herein.

13. Plaintiff would show that a valid, enforceable agreement was entered into by the parties when they entered into the Agreement; that Plaintiff performed its obligations under the Agreement; that Defendant breached its obligations under the Agreement; and, as a result of such breach by Defendant, Plaintiff sustained economic harm and damages far in excess of $75,000.00.  More specifically, Plaintiff seeks a refund in the amount of not less than $160,000.00, plus recovery of attorney's fees as described herein and below.

## ATTORNEY'S FEES

14. In addition to stating the respective parties' duties arising out of the Agreement, the Agreement also contains a clause that provides, in relevant part, "[i]n any action brought to enforce any provision of this agreement, the losing party will pay the prevailing party's reasonable attorney fees and costs." As Plaintiff is now seeking recovery under the agreement and further, pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code, Plaintiff will show that it is entitled to the recovery of its attorney's fees and cost of court under both the Agreement and applicable law.

## **PRAYER**

WHEREFORE, Plaintiff, iChoosr, LLC prays that Defendant, Top Worldwide, LLC be cited to appear and answer herein, and upon final hearing hereof, it has judgment of and against Defendant for the following relief:

    a. an award of monetary damages, together with prejudgment interest as permitted by law;

    b. reasonable attorney's fees and costs of this action; and

    c. such other relief to which Plaintiff may be justly entitled under the circumstances due to Defendant's breach of the Agreement.

Dated:  March 29, 2022　　　　　　　　　　**THE MUSSALLI LAW FIRM**

                                                       */s/Matthew J. Mussalli*
                                                       Matthew J. Mussalli
Federal ID No.: 22741
State Bar No. 24005220
Kelsey D. Ratz
Federal ID No.: 3305425
State Bar No.: 24092333
2441 High Timbers, Suite 220
The Woodlands, Texas 77380
Phone: 281-651-5577
Fax:    832-218-1171
matt@mussallilaw.com
kelsey@mussallilaw.com
Attorneys for Plaintiff